UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANTONIO GRAHAM**,

     Petitioner,

v.                                                                    **CIVIL NO. 06-602 JH/DJS**

**TIMOTHY HATCH, Warden,**

     Respondent.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

    1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254 and comes before the Court upon Respondent's Motion to Dismiss filed February 22, 2007 (Docket No. 14). On December 20, 2006, the Court directed Petitioner to file an amended petition within twenty days. Petitioner filed an amended petition, albeit untimely. As an amended petition, Petitioner submitted a copy of his state *habeas* petition with the original docket number crossed out and substituted with the docket number for the instant federal action. Respondent notes the untimely petition and further argues that Petitioner fails to state a meritorious constitutional claim.

    2. By this action, Petitioner seeks to vacate the judgment and sentence entered in Nos. CR-2000-545 and CR-2000-554 in the Twelfth Judicial District, Otero County, of New Mexico on December 28, 2001. In that proceeding Petitioner was convicted pursuant to a jury verdict of one

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

count of Trafficking Cocaine by Possession with Intent to Distribute, one count of Tampering with Evidence, one count of Child Abuse (No Death or Great Bodily Harm) and one Count of Possession of Marijuana Over One Ounce, Less Than Eight Ounces, one count of Possession of Drug Paraphernalia, and one count of Trafficking in a Controlled Substance, Cocaine, by Distribution. Pursuant to those convictions and having been found an habitual offender with three prior felony convictions, Petitioner was sentenced to a sentence of thirty-nine and one-half years, minus two days, imprisonment as well as two years parole.

    3. As grounds for relief, Petitioner first asserts that his arrest was the result of police misconduct; second, that improper evidence was presented to the grand jury in order to obtain an indictment; third, that insufficient evidence was presented at trial to support his convictions; fourth, that his right to Due Process was violated by the conduct of warrant less searches; fifth, that his conviction was obtained as the result of his illegal seizure in violation of the Fourth Amendment to the Constitution; sixth, that his conviction was obtained by the use of a coerced confession, by the knowing use of perjured testimony, and by use of evidence obtained pursuant to an unlawful arrest; seventh, that his conviction stemmed from an unconstitutional search; eighth, "colorable claim" challenging the evidence presented against him at trial as fruit of the poisonous tree stemming from an illegal search; and, ninth, ineffective assistance of trial counsel. Petitioner also lists a number of arguments, some based upon the same allegations as the grounds above, under a tenth heading of "fundamental error".

    4. In examining the merits of Petitioner's claims, this Court must view the arguments in light of the standard set forth in 28 U.S.C. §2254(d), which provides that:

> An application for writ of *habeas corpus*...shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

This language means that if a state court ruled upon the merits of a *habeas* petitioner's claims, a federal court may grant his petition only if the petitioner can establish that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case. Elliot v. Williams, 248 F.3d 1205, 1207 (10th Cir. 2001) (citing Williams v. Taylor, 529 U.S. 362 (2000)). When reviewing a state court's application of federal law, federal courts are precluded from issuing the writ simply because they conclude in their independent judgment that the state court applied the law erroneously or incorrectly. Rather, the federal court must be convinced that the application was also objectively unreasonable. Id. In addition, a federal court "presume[s] the factual findings of the state court are correct unless petitioner can rebut this presumption by clear and convincing evidence." Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999) (citing § 2254(e)(1)). Further, there is an adjudication "on the merits" in the absence of evidence that the state court did not consider and reach the merits of Petitioner's claims. Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir.1999).

     5. As Respondent points out, Petitioner's convictions were affirmed through opinions delivered by both the New Mexico Court of Appeals and the New Mexico Supreme Court. Answer, Exhibit M, V. Those opinions contain substantial factual findings. His state *habeas* petition was also denied as well as the petition for writ of *certiorari* from that denial. Answer, Exhibits X, Z. Although the state *habeas* petition was summarily dismissed, the trial court stated that the petition

and its exhibits were reviewed and denied it on its merits. Answer, Exhibit X.

6. By merely re-submitting his state *habeas* petition for this Court's consideration without any evidence that the factual findings of the New Mexico courts were improper and without any indication or argument as to how the result reached by those courts is contrary to clearly established federal law, Petitioner cannot overcome the deference afforded to the decisions of the New Mexico courts under §2254. Accordingly, the motion to dismiss should be granted and the petition denied.

### RECOMMENDED DISPOSITION

That the motion to dismiss be granted, the petition be denied and this matter be dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**